## CROSS v. CARTER.

There was, as against the losing party, no error in charging, in refusing to charge, or in rejecting evidence. The verdict is supported by the evidence and is not excessive; and the court did not err in refusing a new trial.

Argued February 20,—Decided March 22, 1897.

Action for damages. Before Judge Ross. City court of Macon. March term, 1896.

*Eric Gambrell*, for plaintiff in error.

SIMMONS, Chief Justice.

Carter sued Cross in an action for trespass vi et armis, the substance of his declaration being that, without any provocation on his part, Cross had cut, wounded and stabbed him with a knife on each of his arms, greatly injuring him. Defendant denied the allegations in the petition, and alleged that if he wounded the plaintiff at all it was only upon the greatest provocation given by plaintiff, plaintiff having made a deadly and unprovoked assault upon him from which he escaped only by wounding said plaintiff. There was a verdict for plaintiff for $100. Defendant moved for a new trial, and his motion being overruled, excepted.

It appears from the evidence, that Cross was manager. of a plantation, and that one of the employees on the farm had procured Carter to come with his wagon and team and move his effects to another plantation. While they were in the act of moving the wagon Cross arrived, and according to plaintiff's testimony, without any provocation and without his saying a word to Cross, Cross stabbed him on one of his arms near the wrist, inflicting a serious wound. Cross then went into the house, returned, and without any further provocation stabbed plaintiff upon the other arm. Both wounds were serious, and from them he suffered severe pain on account of having caught cold in them.

One of the wounds, he claims, permanently injured his arm. The testimony of Cross is to the effect that Carter, the plaintiff, made a threat and a motion as if he intended to assault him, one of the witnesses testifying that Carter had an open knife in his pocket. This is the substance of the testimony.

Various exceptions were taken in the motion for a new trial, a number of them being to the charge of the court and the refusals to give in charge certain requests therein set out. The court was requested to charge, that "the defendant has the right to prove, and the jury should consider, any acts of the plaintiff which tended to arouse the passions of the defendant, or which tended to cause a breach of the peace; and if you should find that the plaintiff aggravated or provoked the difficulty and so brought the injury on himself, then the defendant is not liable and you will so find." Under the facts of the present case, this request to charge was too broad. In effect it means that Cross would be justified in stabbing the plaintiff if the plaintiff did any act which tended to cause a breach of the peace or aggravated or provoked the difficulty. This in our opinion is not the law. While in a criminal or a civil case a man may give in evidence any opprobrious words or abusive language used toward him, in order to justify his conduct or to mitigate the damages, it is at last for the jury to say whether these acts amount to a justification or whether they should be considered in mitigation of damages. In doing this they will naturally look, not only to the extent of the provocation, but also to the extent of the injury inflicted. A man might be justified in striking another for opprobrious words or abusive language, but not so if the battery were, in the opinion of the jury, much greater than the words or abusive language would authorize. If one call another a liar and the latter should stab or shoot him, inflicting on him serious injury, no jury would be authorized to acquit him on the criminal side of the court or to relieve him of damages on

the civil side. If the injury inflicted is disproportionate to the offense given, the person inflicting the injury should respond in damages. This charge requested the court to instruct the jury that in such a case the defendant would be freed from all liability, and the court properly refused to give it in charge to the jury.

The court gave in charge to the jury the law relating to the offense of stabbing as defined in the Penal Code, §112, and added, after reading the section: "And this is the law that gives the person stabbed the right to maintain an action for such stabbing." While we think it was not at all necessary for the court to read this definition to the jury, we cannot see how it injured the defendant under the facts of the case. The main objection taken to it is, that the court instructed the jury that that section was the foundation of the plaintiff's right of action. For this reason it was erroneous; but it seems to us that it was hurtful, not to the defendant, but to the plaintiff. The action of trespass vi et armis is not founded on this section of the Penal Code, but upon the law of torts; and the jury might have thought, under this instruction, that if Cross was not guilty of stabbing as defined, the action of Carter would fail.

The court was also requested by the defendant to charge upon the law as to vindictive damages, the purpose of the requests being to exclude a finding for such damages. Whether these requests stated the law on this subject properly or not it is unnecessary to determine, as the verdict of the jury was for $100 only, which clearly shows that they did not consider the subject of vindictive damages. There being no such damages in the verdict, we will not reverse the judgment for the failure to charge as requested. Under the facts disclosed by the record, the verdict is not excessive but very moderate in its amount.

As against the defendant, there was no error in the charge of the court, no error in refusing to charge, and no

error in rejecting evidence; and the court did not err in refusing a new trial.

*Judgment affirmed.   All the Justices concurring.*